JUDGE MARRERO

FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

07 CV 3737

MAY 11 2007

---------------------------------------------------------------x

RST (2005) INC., a Delaware Corporation,     :     Case No.

        Plaintiff,     :

v.     :     **COMPLAINT FOR BREACH OF CONTRACT**

RESEARCH IN MOTION LIMITED, a Canadian Corporation,     :

        Defendant.     :     **DEMAND FOR JURY TRIAL**

---------------------------------------------------------------x

Plaintiff RST (2005) Inc., a Delaware Corporation ("RST" or "Plaintiff"), alleges as follows against Defendant Research in Motion Limited, an Ontario, Canada Corporation ("RIM" or "Defendant"):

## JURISDICTION AND VENUE

1. This action is between a citizen of the United States and a citizen of a foreign jurisdiction and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and because RIM has contractually consented to venue in this judicial district.

## PARTIES

3. Plaintiff RST is a Delaware Corporation with its principal place of business located in Los Angeles, California. It is authorized to, and during the period relevant hereto (the "Relevant Period") did, engage in business in New York, New York. During the Relevant Period, RST employed the individual performers professionally known as *The Rolling Stones*, and had the right to use and license the "Rights" (as such term is defined below).

1

4. Defendant RIM is a corporation formed pursuant to the laws of Ontario, Canada and is based in Waterloo, Ontario, Canada. RIM manufactures and markets, among other things, BlackBerry wireless devices, the RIM Wireless Handheld product line, software development tools, and radio modems. Upon information and belief, RIM does business, directly and indirectly, in New York and throughout the United States. RIM has contractually consented to personal jurisdiction in this Court.

## THE LICENSE AGREEMENT

5. RST and RIM entered into a written license agreement dated as of October 6, 2005 (the "License Agreement") by which RST licensed to RIM the right to use, subject to certain conditions, certain specific intellectual property and rights of publicity relating to *The Rolling Stones* (the "Rights") for use in connection with a limited edition, Rolling Stones branded BlackBerry wireless telephone (the "Product"). The term of the License Agreement has ended.

6. The Rights conditionally licensed by RST to RIM in the License Agreement were exclusive with respect to the branding, packaging, advertising, promotion and publicity for any telephone or personal digital assistant, subject to certain conditions.

7. Pursuant to the License Agreement, RIM paid to RST an initial license fee in full.

8. At all material times, RST performed its obligations under the License Agreement. RST remained ready, willing, and able to render all performance required by the License Agreement. Upon information and belief, RIM failed to produce any Rolling Stones branded wireless telephones, as contemplated by the License Agreement.

9. The License Agreement obligates RIM to make a further payment to RST at the end of the term. That payment is now due, and RIM has not made the payment.

## FIRST CLAIM FOR RELIEF -- BREACH OF CONTRACT

10.     Plaintiff reincorporates and realleges by this reference all allegations set forth in paragraphs 1 through 9 inclusive, as though set forth in full.

11.     RIM and RST are parties to the License Agreement.

12.     RST has performed all of its obligations required to be performed by it under the License Agreement, or its performance was excused by RIM's actions.

13.     RIM was obligated to make a further payment to RST upon the end of the term of the License Agreement. That payment is due, and RIM has not make the payment. RIM's failure to make the end-of-the-term payment is a material breach of the License Agreement.

14.     As a direct and proximate result of RIM's material breach of the License Agreement, RST has been damaged in an amount of $5,000,000 and according to proof.

15.     As a direct and proximate result of RIM's material breach of the License Agreement, RST has been required to retain attorneys and to file and prosecute this action. Pursuant to the License Agreement, RST is entitled to recover from RIM all of its costs and expenses incurred in this action, including without limitation, reasonable attorneys fees and costs actually incurred.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief against Defendant as follows:

1.      for an award of damages in an amount according to proof;

2.      for an award of reasonable attorneys fees and costs incurred in this action;

3.      for pre-judgment interest to the extent and rate permitted by law; and

4.    for such other and further relief as the Court deems just and proper.

Dated: New York, New York  
May 11, 2007

**GREENBERG TRAURIG, LLP**

By: *[signature]*  
Ronald D. Lefton, Esq. (RL-2666)

David J. Stone (DS-0232)  
MetLife Building  
200 Park Avenue  
New York, New York 10166  
Telephone: (212) 801-9200  
Facsimile: (212) 801-6400

and

Vincent H. Chieffo (VC-1548)  
GREENBERG TRAURIG, LLP  
2450 Colorado Avenue  
Suite 400 East  
Santa Monica, CA 90404  
Telephone: (310) 586-7700  
Facsimile: (310) 586-7800

*Attorneys for Plaintiff RST (2005) Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff RST (2005) Inc., demands a jury trial of any issues in this action so triable.

Dated: May 11, 2007                             **GREENBERG TRAURIG, LLP**

By: /s/ Ronald D. Lefton
Ronald D. Lefton, Esq. (RL-2666)

David J. Stone (DS-0232)
MetLife Building
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

and

Vincent H. Chieffo (VC-1548)
GREENBERG TRAURIG, LLP
2450 Colorado Avenue
Suite 400 East
Santa Monica, CA 90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

*Attorneys for Plaintiff RST (2005) Inc.*