UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RST (2005) INC.,                                 :     07 Civ. 3737 (VM)
                                                 :
       Plaintiff,                                :     ELECTRONICALLY FILED
   v.                                            :
                                                 :
RESEARCH IN MOTION LIMITED,                      :
                                                 :
       Defendant.                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEFENDANT'S COUNTERCLAIM AND ANSWER

Defendant Research In Motion Limited ("RIM"), for its counterclaim against RST (2005) Inc. ("RST"), states as follows:

### Nature of the Action

1.    RIM brings this action to recover damages arising from RST's breach of its contractual obligations under a license agreement dated as of October 6, 2005 (the "License Agreement"), as well as RST's breach of the implied covenant of good faith and fair dealing.

2.    Pursuant to the License Agreement, RST purportedly licensed to RIM the right to use, among other things, the trademark "The Rolling Stones," the trademark of the logo of The Rolling Stones (the "Logo"), the name of The Rolling Stones' concert tour "A Bigger Bang," photographs of The Rolling Stones, the front cover album artwork ("Album Cover") of The Rolling Stones' album "A Bigger Bang," and video clips of The Rolling Stones (all of which are collectively referred to herein as the "Licensed Property" or "Licensed Properties") in connection with a limited edition BlackBerry® smartphone. In consideration for the rights and benefits RIM was to receive pursuant to the License Agreement, including the right to use the Licensed Property, RIM paid RST the sum of $1 million.

3. The License Agreement grants RIM certain exclusivity rights. In particular, Section 4(a) of the Terms and Conditions of the License Agreement states that RST will not license the use of the Licensed Property on any other telephone or personal digital assistant ("PDA"), the packaging thereof, or in any advertising, promotion, or publicity of or for any other telephone or PDA.

4. In addition, Section 15(a) of the Terms and Conditions of the License Agreement represents and warrants to RIM that: (i) RST owns and controls all rights in and to the Licensed Property and (ii) RST has the full right, authority, and power to enter into the License Agreement and to perform all obligation under the License Agreement.

5. In or about June 2006, RIM discovered an on-line advertising campaign pursuant to which Palm, Inc. ("Palm"), a manufacturer of PDAs, promoted a Palm PDA (its "T/X" handheld device) by using the Licensed Property, including but not limited to the trademark "The Rolling Stones," the Logo, photographs of The Rolling Stones, and the name "A Bigger Bang." The advertising campaign also included a representation of and reference to a SanDisk "gruvi" memory card which utilized the Album Cover.

6. RST has breached the License Agreement and/or the implied covenant of good faith and fair dealing by permitting the Licensed Property to be used by Palm in its advertising campaign for its telephone/PDA and/or by falsely representing that RST "owns and controls all rights in and to the Licensed Properties."

**Jurisdiction**

7. This action is between a citizen of the United States and a citizen of a foreign jurisdiction and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).

## The Parties

8. RIM is a corporation formed pursuant to the laws of Ontario, Canada and is based in Waterloo, Ontario. RIM is a leading designer, manufacturer, and marketer of innovative wireless solutions for the worldwide mobile communications market. RIM manufactures, among other things, BlackBerry® smartphones.

9. Upon information and belief, RST is a Delaware Corporation with its principal place of business located in Los Angeles, California.

## Factual Background

**The Licensing Agreement**

10. RIM and RST executed the License Agreement effective October 6, 2005, which granted RIM the right to use the Licensed Property in connection with a limited edition BlackBerry® smartphone. The License Agreement was to last for eighteen months commencing on October 6, 2005 (the "Term"). In consideration for the rights and benefits RIM was to receive pursuant to the License Agreement, including the right to use the Licensed Property, RIM paid RST the sum of $1 million.

11. The License Agreement granted RIM certain exclusivity rights with regard to the Licensed Property. In particular, Section 4(a) of the Terms and Conditions of the License Agreement provides:

> During the Term, [RST] will not license the use of the Licensed Properties or any other photograph, image, trademark or service mark of or related to [The Rolling Stones] on any other telephone or personal digital assistant (a so-called "PDA"), the packaging thereof, or in any advertising, promotion or publicity of or for any other telephone or PDA. Further, during the Term, [RST] will not authorize any other manufacturer of telephones or PDAs to hold itself out as a sponsor of the [A Bigger Bang Tour] or of [The Rolling Stones].

License Agreement § 4(a).

12.     In addition, in Section 15 of the Terms and Conditions of the License Agreement, RST represents and warrants to RIM that: "(i) [RST] owns or controls all rights in the Licensed Properties; and (ii) [RST] has the full right, authority and power to enter into [the License Agreement] and to perform all its obligations [thereunder]."  License Agreement § 15(a).

**RST Breaches the License Agreement and/or the Covenant of Good Faith and Fair Dealing**

13.     In or about June 2006, RIM discovered an on-line advertising campaign pursuant to which Palm promoted its T/X PDA by using the Licensed Properties, including but not limited to the trademark "The Rolling Stones," the Logo, photographs of The Rolling Stones, and the name "A Bigger Bang."  The advertising campaign also included a representation of and reference to a SanDisk gruvi memory card which utilized the Album Cover.  The on-line advertisements continued to be accessible as of at least May 2007.

14.     RST has breached Section 4 of the Terms and Conditions of the License Agreement by permitting the Licensed Properties to be used by Palm in its advertising campaign for the Palm T/X PDA (including the SanDisk gruvi card) and/or Section 15 of the Terms and Conditions of the License Agreement by falsely representing that RST "owns and controls all rights in and to the Licensed Properties."  RST's actions, moreover, have had the effect of denying RST the benefits to which it was entitled under the License Agreement.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**

15.     RIM repeats and realleges each of the proceeding paragraphs of the Counterclaim as if fully set forth herein.

16.     Section 4(a) of the Terms and Conditions of the License Agreement provides:

During the Term, [RST] will not license the use of the Licensed Properties or any other photograph, image, trademark or service mark of or related to [The Rolling Stones] on any other telephone or personal digital assistant (a so-called "PDA"),

4

> the packaging thereof, or in any advertising, promotion or publicity of or for any other telephone or PDA. Further, during the Term, [RST] will not authorize any other manufacturer of telephones or PDAs to hold itself out as a sponsor of the [A Bigger Bang Tour] or of [The Rolling Stones].

License Agreement § 4(a). In section 15 of the Terms and Conditions of the License Agreement, RST represents and warrants to RIM that: "(i) [RST] owns or controls all rights in the Licensed Properties; and (ii) [RST] has the full right, authority and power to enter into [the License Agreement] and to perform all its obligations [thereunder]." Id. at § 15(a).

17. By permitting the use of the Licensed Properties by Palm in its advertising campaign for the Palm T/X PDA (including the SanDisk gruvi card) and/or falsely representing that RST "owns and controls all rights in and to the Licensed Properties," RST has breached the License Agreement.

18. As a direct, proximate, and foreseeable result of RST's breach, RIM has suffered, and will continue to suffer, damages in an amount to be determined at trial, and which are in good faith reasonably believed to be in excess of $75,000.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

19. RIM repeats and realleges each of the proceeding paragraphs of the Counterclaim as if fully set forth herein.

20. By entering into the License Agreement, RST impliedly promised and covenanted that it would act in good faith and deal fairly with RIM in performing its obligations under the License Agreement.

21. By the acts, practices, and omissions described above, RST breached the covenant of good faith and fair dealing and deprived RIM of the benefits it was entitled under the License Agreement.

5

22. As a direct, proximate, and foreseeable result of RST's breach of the covenant of good faith and fair dealing, RIM has suffered, and will continue to suffer, damages in an amount to be determined at trial, and which are in good faith reasonably believed to be in excess of $75,000.

## ANSWER

Defendant RIM, by and through its attorneys, hereby answers the Complaint in the above-captioned matter as follows:

1. Denies the allegations in paragraph 1, except states that to the extent that paragraph 1 contains legal conclusions, those conclusions require no response.

2. States that the allegations in paragraph 2 contain legal conclusions to which no response is required.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Admits the allegations in the first, second and third sentences of paragraph 4. States that the allegation in the last sentence of paragraph 4 contains a legal conclusion to which no response is required.

5. Denies the allegations in paragraph 5 and respectfully refers the Court to the License Agreement for its true and correct terms.

6. Denies the allegations in paragraph 6 and respectfully refers the Court to the License Agreement for its true and correct terms.

7. Denies the allegations in paragraph 7, except admits that RIM paid RST licensing fee, and respectfully refers the Court to the License Agreement for its true and correct terms.

8. Denies the allegations in paragraph 8.

9.      Denies the allegations in paragraph 9 and respectfully refers the Court to the License Agreement for its true and correct terms.

### FIRST CLAIM FOR RELIEF – BREACH OF CONTRACT

10.     RIM repeats and reasserts each of the foregoing responses as if fully set forth herein.

11.     Denies the allegations in paragraph 11, except admits that RIM and RST entered into the License Agreement effective on October 6, 2005, and respectfully refers the Court to the License Agreement for its true and correct terms.

12.     Denies the allegations in paragraph 12, and states that to the extent paragraph 12 contains legal conclusions, those conclusions require no response.

13.     Denies the allegations in paragraph 13, and states that to the extent paragraph 13 contains legal conclusions, those conclusions require no response.

14.     Denies the allegations in paragraph 14, and states that to the extent paragraph 14 contains legal conclusions, those conclusions require no response.

15.     Denies the allegations in paragraph 15, and states that to the extent paragraph 15 contains legal conclusions, those conclusions require no response.

### AFFIRMATIVE DEFENSES

RIM states the following defenses without assuming the burden of proof on such defenses that would otherwise rest on plaintiff.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff is barred from obtaining the relief sought by the doctrines of waiver, estoppel, and /or laches.

**Third Affirmative Defense**

Plaintiff is barred from obtaining the relief sought by the doctrine of unclean hands and plaintiff's inequitable conduct.

**Fourth Affirmative Defense**

Plaintiff is barred from obtaining relief because plaintiff suffered no cognizable injury as a result of any conduct of RIM.

**Fifth Affirmative Defense**

Plaintiff is in material breach of the License Agreement.

**Sixth Affirmative Defense**

RIM hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserves its right to amend this answer and assert all such defenses.

WHEREFORE, RIM respectfully requests judgment granting the following relief:

a. dismissing RST's complaint with prejudice;

b. entering judgment for RIM on all claims asserted by RST in its complaint;

c. awarding RIM compensatory and consequential damages against RST for the damages sustained as a result of RST's breaches of the License Agreement;

d. awarding RIM compensatory and consequential damages against RST for the damages sustained as a result of RST's breach of the covenant of good faith and fair dealing;

  e.  awarding RIM its costs and disbursements, including attorneys' fees, incurred in this action; and

  f.  granting RIM such other and further relief as the Court shall deem just and proper.

## JURY DEMAND

RIM demands a trial by jury on its counterclaim and on all counts of the Complaint so triable.

Dated: New York, New York
   July 13, 2007

             /s/ Scott D. Musoff
             Scott D. Musoff (SM-2965)
             Gary J. Hacker (GH-7883)
             SKADDEN, ARPS, SLATE,
              MEAGHER & FLOM LLP
             Four Times Square
             New York, New York  10036
             (212) 735-3000

             Attorneys for Defendant
             Research In Motion Limited