*Mr. Recky, J*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RST (2005) INC.,                                        :        07 Civ. 3737 (VM)

                    Plaintiff-Counterclaim Defendant,   :

         v.
                                                        :
RESEARCH IN MOTION LIMITED,
                                                        :
                    Defendant-Counterclaim Plaintiff.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-4-07
```

## STIPULATION AND ORDER FOR THE PRODUCTION
## AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, the parties involved in the above-captioned action (the "Litigation") could

be injured by the public dissemination of certain confidential and sensitive commercial,

financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties,

subject to the approval of the Court, that the following Stipulation and Order For The Production

And Exchange Of Confidential Information (the "Stipulation and Order") shall govern the

handling of documents and any other information produced by the parties or by their affiliates or

advisors (a "Producing Party") to a receiving party (a "Receiving Party") in this Litigation:

1.      Any Producing Party may designate any of its documents, materials or information

as "Confidential Information" if such party in good faith deems that such designation is necessary to

protect non-public, confidential, proprietary or commercially sensitive information.

2.      Subject to the terms set forth below, all Confidential Information produced and

obtained through discovery in the Litigation shall be used by the parties receiving such Confidential

Information only for the purposes of preparing for and conducting the Litigation, any applicable

proceedings in connection with the Litigation and any appellate proceedings in connection with the

Litigation and shall not be given, shown, made available, or communicated in any way to any persons except those described in paragraphs 4 and 5 of this Stipulation and Order.

3.    Any documents or other tangible materials designated as Confidential shall be so designated by stamping each page of the document or other tangible material with the legend "Confidential," or a substantially similar legend at the time of their production. Any deposition may be designated as Confidential by stating orally for the record that certain information or testimony is "Confidential" to be followed by sending within ten (10) business days of receipt of the deposition transcript a written notice to all counsel identifying what portions of the transcript are to be treated as Confidential. Any Confidential designation that is inadvertently omitted during document production, in connection with a deposition, or in connection with any other discovery may be corrected by written notification to opposing counsel, and such documents or information shall thereafter be treated as Confidential, in accordance with the provisions of this Stipulation and Order.

4.    Except as otherwise provided herein, and subject to paragraph 2 hereof, Confidential Information may be disclosed only to the Court and Court personnel, the named parties to the Litigation (including officers, directors, employees, or in-house counsel of any named party), the parties' attorneys of record in the Litigation and paralegal, clerical or support personnel retained by such attorneys, and, to the extent deemed necessary by such attorneys, Confidential Information may be shown to any witnesses in preparation for such witnesses' testimony, provided that counsel of record for the party proposing to make such disclosure shall ensure that a copy of this Stipulation and Order has been delivered to such person and such person has first executed an acknowledgement in the form attached as Exhibit A, or to any witness during the course of such witnesses' testimony provided that counsel of record for the

2

party proposing to make such disclosure shall ensure that a copy of this Stipulation and Order has been delivered to such person and such person has first either executed an acknowledgement in the form attached as Exhibit A or has been advised of the entry of this Order.

5.      Confidential Information may be disclosed to any actual or prospective expert or consultant assisting a party's counsel in connection with the Action to the extent deemed necessary in good faith by such counsel to enable the expert or consultant to provide such assistance, provided that the actual or prospective expert or consultant shall first execute an acknowledgment in the form attached as Exhibit A.

6.      No Confidential Information shall be disclosed to any person who, if required by paragraph 5 to sign the form of acknowledgment attached hereto as Exhibit A, does not first sign such acknowledgment. All signed acknowledgments shall be maintained by counsel for the party making the disclosure and shall be produced if required by the Court for the purpose of determining whether a breach of this Stipulation and Order has occurred.

7.      If a party objects to the designation of any discovery material as Confidential Information, the parties shall attempt to resolve the dispute. If the dispute is not resolved, the objecting party may apply to the Court for a ruling that the specified discovery material shall not be treated as Confidential Information. Until this Court enters an order changing the designation, or until the parties agree otherwise, the discovery material shall be treated as Confidential Information.

8.      All Confidential Information filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information, shall be filed under seal and kept under seal until further Order of the Court. Where possible, only Confidential portions of such filings with the Court shall be under seal.

3

9.      Upon written request, within ninety (90) days of the termination of the Litigation, including all appeals, if any, but subject to further order of this Court, counsel for each party shall destroy or return to counsel for the Producing Party all Confidential Information, including all copies thereof, and upon written request by counsel for the Producing Person shall certify in writing to counsel for the Producing Party that the provisions of this paragraph have been complied with; provided, however, that counsel for the parties may retain in their own files all pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential Information. However, any such pleadings, discovery responses, court filings, transcripts, exhibits, notes and memoranda and work product so retained shall remain Confidential and subject to the restrictions contained in this Stipulation and Order.

10.     Nothing contained herein shall be construed to limit any Producing Party from using its own Confidential Information in any manner that it may choose.

11.     If any Receiving Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this Litigation seeking discovery material that was designated as "Confidential" by someone other than the Receiving Party, the Receiving Party shall give prompt actual written notice, by hand, facsimile or email transmission within seven (7) business days of receipt of such subpoena, demand or legal process by setting forth the existence of this Order and withhold production of the discovery material until required to produce such discovery material. Nothing herein shall be construed to require the Receiving Party or anyone else covered by this Order to move to quash or move for a protective order, to challenge or appeal any order requiring production of Confidential Information covered by this Order, to violate any rule of court or civil

4

procedure or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

12.    Nothing herein shall preclude any party from applying to this Court for an order modifying this Stipulation and Order, or shall preclude any modification of this Order with the consent of all parties thereto.

Dated: New York, New York
      December 3, 2007

Ronald D. Lefton
David J. Stone
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, New York  10166
(212) 801-9200

Attorneys for Plaintiff-
Counterclaim Defendant
RST (2005) Inc.

Scott D. Musoff
Gary J. Hacker
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
Four Times Square
New York, New York  10036
(212) 735-3000

Attorneys for Defendant-
Counterclaim Plaintiff
Research In Motion Limited

SO ORDERED:  4 December 2007

Honorable Victor Marrero
United States District Judge

5

**EXHIBIT A**

**UNDERTAKING -- CONFIDENTIAL INFORMATION**

The undersigned has read the attached Stipulation and Order for the Production and Exchange of Confidential Information ("Stipulation and Order") in the action entitled *RST (2005) Inc. v. Research In Motion Limited*, 07 CV 3737 (VM) (the "Litigation"), understands its contents, and hereby undertakes (1) to make no disclosure of Confidential Information (as defined in the Stipulation and Order) to any person who is not permitted to have access to Confidential Information pursuant to the Stipulation and Order and (2) to use Confidential Information only for the purpose of the Litigation, and not for any business or other purpose whatsoever.

The undersigned consents to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of any proceedings to enforce the terms of the Stipulation and Order.

Dated: _____

Signature: _____

Name: _____

Address: _____

_____

_____

6